UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ARACELY DECKER,

          Plaintiff,

v.                                                Case No. 09-CV-112

MEADWESTVACO CORPORATION INC.,

          Defendant.

_____

## ORDER

The plaintiff, Aracely Decker ("Decker"), filed a complaint with this court on February 2, 2009, alleging that her former employer, defendant Meadwestvaco Corporation Inc. ("MWV"), had committed several "unlawful employment practices of discrimination" in violation of Title VII of the Civil Rights Act of 1964. (Docket #1). On June 24, 2009, the court issued a Fed. R. Civ. P. 26(f) scheduling order, setting a deadline of January 15, 2010, as the deadline to complete discovery in the case. (Docket #13). However, several snags have complicated the discovery process. The defendant, since July of 2009, has repeatedly requested the plaintiff to supplement Decker's initial Fed. R. Civ. P. 26 disclosures, respond to interrogatories asked pursuant to Fed. R. Civ. P. 33, and produce documents requested pursuant to Fed. R. Civ. P. 34. The plaintiff has not only ignored the defendant's requests, but has also refused to reply to several phone calls and letters by her then-attorney, Douglas J. Carroll, Jr. ("Carroll"). On December 10, 2009, the court granted Carroll's motion to withdraw as counsel for the plaintiff, which was prompted by Decker's lack

of cooperation. (Docket #21). To date, Decker has failed to cooperate with the defendant and has not communicated with the court either in a personal capacity or through a new representative. The defendant has moved to dismiss the plaintiff's complaint, arguing that the plaintiff's failure to respond to discovery requests justifies dismissal of the case. (Docket #15). The plaintiff has not filed a response to the motion to dismiss. Having allowed several weeks for Decker to respond, the court takes up the defendant's motion.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action or proceeding when a litigant fails to obey a court order permitting discovery, including an order under Rule 26(f). Moreover, Rule 37(d) authorizes dismissal when a party fails to serve answers or objections to interrogatories submitted under Rule 33 or document requests under Rule 34. Unlike the standard for dismissing a case for want of prosecution, *see Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (holding that a "clear record of delay, contumacious conduct or prior failed sanctions" must exist for a court to dismiss for want of prosecution), "to dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). However, the Seventh Circuit has been "particularly vigilant" in requiring "proportionality" where the "draconian sanction of dismissal is imposed." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (internal citations omitted).

Case 2:09-cv-00112-JPS   Filed 01/25/10   Page 2 of 4   Document 26

Here, dismissal of the case is the appropriate sanction. Decker has all but abandoned her claim. She has refused to comply with several discovery requests, and she has not voiced any response to MWV's motion to dismiss. More than a month has passed since Decker's attorney withdrew from the case because of the plaintiff's lack of cooperation, and Decker has failed to either hire a new attorney or proceed *pro se*. Such conduct exhibits a "pattern of noncompliance" with this court's orders, the lawful requests of the opposing party, and this court's local rules. *Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997). While dismissal is a harsh sanction that should be used in limited circumstances, Decker has acted "with fault" in failing to respond to the various discovery requests, and, as such, dismissal is warranted. *Ryer v. Russell*, No. 91-3548, 1992 U.S. App. LEXIS 22204, at *7 (7th Cir. Sept. 8, 1992) (holding that a district court is not required to fire a "warning shot" before granting a dismissal when a plaintiff has refused to respond to written discovery requests and a motion to dismiss). The plaintiff has had several months to change her behavior and has not. This case will be dismissed.

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss plaintiff's complaint (Docket #15) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint be and the same is hereby **DISMISSED** without prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge